## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK (FOLEY SQUARE)

| | |
|---|---|
| PETER JOHN VIAMONTE,<br>                     Plaintiff,<br><br>        vs.<br><br>CHASE BANK USA, N.A.;<br>CAPITAL ONE BANK (USA), N.A.;<br>MIDLAND FUNDING LLC;<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.; EQUIFAX<br>INFORMATION SERVICES LLC;<br>and TRANS UNION, LLC;<br>                     Defendants. | CASE NO. 1:15-cv-02669-AJN<br>ECF Case<br><br><br>**TRANS UNION, LLC'S ANSWER TO<br>PLAINTIFF'S COMPLAINT AND<br>AFFIRMATIVE DEFENSES** |

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

## PRELIMINARY STATEMENT

1.     This is an action for actual, statutory, and punitive damages and statutory attorney's fees brought pursuant to 15 U.S.C. § 1681 et *seq.* ("Fair Credit Reporting Act" or "FCRA"), New York General Business Law § 380 *et seq.* (the "New York Fair Credit Reporting Act" or "NY FCRA"), and 15 U.S.C. § 1692, *et seq.* ("Fair Debt Collections Practices Act" or "FDCPA").

**ANSWER**:  Trans Union denies that it violated the FCRA (or any other law).  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2.      The plaintiff was a victim of identity theft and multiple fraudulent credit accounts were opened in his name, charges were incurred and not paid, and the negative information of the unpaid accounts appeared on his credit reports.  Plaintiff disputed the reporting of these fraudulently opened accounts to the credit reporting agencies on multiple occasions to no avail. The banks and debt collector defendants verified the accounts to the credit reporting agencies, which continued to report the accounts.  The presence of the negative information on plaintiff's credit reports prevented him from obtaining credit, including credit cards and automobile loans.

**ANSWER**:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

## JURISDICTION AND VENUE

3.      The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p).  This Court has diversity jurisdiction over the state law claims under 28 U.S.C. § 1332 as well as supplemental jurisdiction of those state law claims asserted herein under 28 U.S.C. § 1367(a).  Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

4.      The plaintiff is an individual residing in the Bronx, NY and is a "consumer" within the meaning of the FCRA [15 U.S.C. § 1681a(c)].

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Defendant Chase Bank USA**,** National Association, is a bank headquartered in Wilmington, Delaware.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6.      Defendant Capital One Bank (USA), National Association, is a bank headquartered in Glen Allen, Virginia.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

7.      Defendant Midland Funding LLC is a Delaware corporation, duly authorized and qualified to do business in the State of New York, and a "debt collector" within the meaning of the Fair Debt Collection Practices Act [15 U.S.C. § 1692a(6)].

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8.      Defendant Experian Information Solutions, Inc. is an Ohio corporation, duly authorized and qualified to do business in the State of New York.  Experian is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C § 1681(f)] and the NY FCRA [NY GBL § 380-a(e)].

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9.     Defendant Equifax Information Services LLC is a Georgia corporation, duly authorized and qualified to do business in the State of New York.  Equifax is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)] and the NY FCRA [NY GBL § 380-a(e)].

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

10.     Defendant Trans Union LLC is a Delaware corporation, duly authorized and qualified to do business in the State of New York and a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)] and the NY FCRA [NY GBL § 380-a(e)].

**ANSWER**:  Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTUAL BACKGROUND

11.     The plaintiff is a victim of identity theft.  The plaintiff's personal identification information has repeatedly been used by third parties to open a variety of credit card accounts over the past several years.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12.     From 2006 to 2008, identity thieves applied for and received credit card accounts with the plaintiff's identifying information, albeit with his last name misspelled as "Viamontie."

Plaintiff, who was 19 when the first of these accounts was opened, did not have any credit accounts before the identity thieves opened these accounts.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13.     Due to the accounts being opened with the name "Viamontie," all three credit reporting agency defendants have been issuing credit reports on the plaintiff with the misspelled name.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

14.     Among the accounts opened by identity thieves were a credit card with Capital One and two credit cards with Chase.  Plaintiff never authorized or utilized the subject credit accounts.  The identity thieves failed to make payments for the charges incurred on the subject accounts.  Chase charged off the accounts and assigned the debt for one of the accounts to Midland Funding, a debt collector.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.     The negative credit history provided by Capital One, Chase, and Midland Funding was reported by the defendants Experian, Equifax, and Trans Union on plaintiff's credit reports.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union,

which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

16.     Throughout 2014, plaintiff applied for credit including credit cards and automobile loans.  In determining the plaintiff's creditworthiness, the credit grantors to whom plaintiff applied considered credit reports published by the credit reporting agency defendants. These credit reports included negative credit information from accounts that were fraudulently opened by the identity thieves.  Plaintiff's applications for credit were denied, and the inaccurate derogatory information on the plaintiff's credit reports was, at the minimum, at a substantial factor in those credit denials.

**ANSWER**:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17.     In April 2014, the plaintiff disputed fraudulent accounts appearing on his credit reports with Trans Union.  The plaintiff disputed two inaccurate Chase accounts, the Midland Funding collections trade line, and a collections trade line placed by Portfolio Recovery Associates, L.L.C.

**ANSWER**:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18.     In May 2014, Trans Union sent dispute investigation results to the plaintiff.  Trans Union deleted one of the fraudulently opened Chase accounts from plaintiff's credit report, but continued to report Midland Funding's collections trade line for the exact same Chase account. Even though it was opened by identity thieves, Chase verified that the other Chase account belonged to the plaintiff and Trans Union continued to report it.

**ANSWER**:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

19.     Trans Union also continued to report inaccurate personal information, such as a misspelled version of plaintiff's last name and a post office box that the plaintiff never opened or used.

**ANSWER**:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20.     In September 2014, the plaintiff disputed a fraudulent Chase account with Equifax.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21.     In October 2014, Equifax sent dispute investigation results to the plaintiff.  Chase verified that the account belonged to plaintiff, even though an identity thief opened it, and Equifax continued to report the fraudulent Chase account.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22.     Equifax also continued to report inaccurate personal information, such as a misspelled version of plaintiff's last name and a post office box that the plaintiff never opened or used.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23.     In October 2014, the plaintiff disputed fraudulent accounts appearing on his Experian credit report.  He disputed two fraudulent Chase accounts and the fraudulent Capital One account with Experian.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24.     Capital One and Chase verified that the fraudulent accounts belonged to the plaintiff, even though they were opened by an identity thief.  Experian sent dispute results to the plaintiff in December 2014, and continued to report the unauthorized, fraudulent Capital One and Chase accounts on plaintiff's credit report.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25.     Experian also continued to report inaccurate personal information, such as a misspelled version of plaintiff's last name and a post office box that the plaintiff never opened or used.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26.     In late November 2014 the plaintiff once again disputed the fraudulent Capital One and Chase accounts to Experian.  On December 15, 2014 Experian informed the plaintiff that it was refusing to investigate his dispute because it had already investigated those accounts and thus deemed his dispute frivolous.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27.     After the credit reporting agency defendants verified and continued to report the fraudulently opened accounts, the plaintiff applied for credit several more times, including, but not limited to, credit cards and automobile loans.  The credit grantors to whom plaintiff applied saw his credit reports, which contained the fraudulent, negative accounts opened by identity thieves and reported to the credit reporting agency defendants by Chase, Capital One, and Midland Funding.  Plaintiff's applications for credit were denied and the inaccurate derogatory information on the plaintiff's credit reports was, at the minimum, at a substantial factor in those credit denials.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

28.     As a direct and proximate result of the defendants' actions, conduct, and omissions, the plaintiff suffered actual damage including, but not limited to, denial of credit, damage to his reputation, emotional distress, aggravation, and frustration.

**ANSWER**:  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**AS AND FOR A FIRST CAUSE OF ACTION**
VIOLATION OF THE FCRA
AGAINST ALL DEFENDANTS

29.    The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**ANSWER**:  Trans Union reasserts its answers and responses set forth herein.

30.    Experian, Equifax, and Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

31.    Such reports falsely stated that the plaintiff had opened accounts with Chase and Capital One and failed to pay charges incurred on those accounts.  Experian, Equifax, and Trans Union knew, or should have known, that the reports contained erroneous information.

**ANSWER**:  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

32.    Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of

the information it reported to one or more third parties pertaining to the plaintiffs [sic] or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

**ANSWER**:  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

33.   Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of the plaintiff's disputes of fraudulently opened Chase, Capital One, and Midland Funding accounts and failing to consider all relevant information regarding the dispute provided by the plaintiff.

**ANSWER**:  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

34.   Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) failed to review and consider all relevant information submitted by the plaintiff regarding his dispute in violation of 15 U.S.C. § 1681i(a)(4).

**ANSWER**:  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

35.   Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed

derogatory information from the plaintiff's file after failing to verify the completeness and accuracy of that information.

**ANSWER**:  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

36.    Defendants Capital One, Chase, and Midland Funding willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations of the plaintiff's disputes and by failing to review all relevant information regarding the dispute.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37.    Defendants Chase, Capital One and Midland Funding each failed to review all relevant information regarding the dispute while conducting its investigation in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

38.    Experian, Equifax, and Trans Union each published credit reports regarding the plaintiff on multiple occasions containing negative and inaccurate information after the plaintiff disputed the information.  The inaccurate report caused the plaintiff economic harm via credit

denials, limiting his opportunities for credit, damaging his reputation, and causing him emotional distress.

**ANSWER**:  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

39.     Defendants are thus liable to the plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o.

**ANSWER**:  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**AS AND FOR A SECOND CAUSE OF ACTION**
VIOLATION OF THE NY FCRA
AGAINST EXPERIAN, EQUIFAX, AND TRANS UNION

40.     Defendants Experian, Equifax, and Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the plaintiff, as that term is defined in NY GBL § 380-a(c)(2).

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

41.     Such reports erroneously contained fraudulent, delinquent accounts that did not belong to the plaintiff.  Defendants knew, or should have known, that the reports contained erroneous information in violation of NY GBL § 380-j(a)(3).

**ANSWER**:  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42.     Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) failed to maintain reasonable procedures designed to assure maximum possible accuracy of their reports, in violation of NY GBL [sic] 380-j(e).

**ANSWER**:  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

43.     Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated NY GBL § 380-f by failing to conduct a reasonable reinvestigation of the plaintiff's disputes of the delinquent accounts.

**ANSWER**:  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

44.     Defendants Experian, Equifax, and Trans Union published credit reports regarding the plaintiff on multiple occasions which erroneously contained fraudulent and delinquent accounts that did not belong to the plaintiff, causing the plaintiff economic harm via credit denials, limiting his opportunities for credit, and damaging his reputation and causing him emotional distress.

**ANSWER**:  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45.     Defendants Experian, Equifax, and Trans Union are thus liable to the plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees pursuant to NY GBL §§ 380-l and 380-m.

**ANSWER**:  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### AS AND FOR A THIRD CAUSE OF ACTION
VIOLATION OF THE FDCPA
AGAINST MIDLAND FUNDING

46.     The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

**ANSWER**:  Trans Union reasserts its answers and responses set forth herein.

47.     The plaintiff is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

48.     Defendant Midland Funding is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

49.    The alleged debt underlying the plaintiffs complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

50.    Defendant Midland Funding violated 15 U.S.C. §§ 1692f and 1692(f)(1) by repeatedly attempting to collect a debt from the plaintiff which he did not owe and by falsely reporting to credit reporting agencies that plaintiff owed a debt which he did not owe.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51.    Defendant Midland Funding violated 15 U.S.C. § 1692e(2)(a) by repeatedly attempting to collect a debt from the plaintiff which he did not owe and by falsely reporting to credit reporting agencies that plaintiff owed a debt which he did not owe.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

52.    Defendant Midland Funding violated 15 U.S.C. § 1692e(8) by reporting information which it knew or should have known to be false to credit reporting agencies.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

53.    Defendant Midland Funding violated 15 U-S.C. [sic] § 1692e(10) by falsely reporting to credit reporting agencies that plaintiff owed a debt that he did not owe.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

54.    As a result of defendant's unlawful conduct the plaintiff suffered economic and emotional distress damages.

**ANSWER**:  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

55.    Defendant Midland Funding is thus liable to the plaintiff for statutory and actual damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and pursuant to 15 U.S.C. § 1692k.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.    Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.      Trans Union's reports concerning Plaintiff were true or substantially true.

4.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date:___April 27, 2015_____                    Respectfully submitted,


                                                 _/s/  Camille R. Nicodemus_____
                                                 Camille R. Nicodemus, Esq.
                                                 Breanne J. Strubinger, Esq. (IN Bar #25823-64)
                                                   (admitted *Pro Hac Vice*)
                                                 Schuckit & Associates, P.C.
                                                 4545 Northwestern Drive
                                                 Zionsville, IN  46077
                                                 Telephone:  (317) 363-2400
                                                 Fax:  (317) 363-2257
                                                 E-Mail:  cnicodemus@schuckitlaw.com
                                                          bstrubinger@schuckitlaw.com

                                                 *Counsel for Defendant, Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **27th day of April, 2015**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Kevin C. Mallon, Esq.<br>consumer.esq@outlook.com | Sameer Singh Birring, Esq.<br>birring@fmlawoffices.net |
| Matthew B. Johnson, Esq.<br>mbjohnson@mdwcg.com | Christ J. Lopata, Esq.<br>cjlopata@jonesday.com |
| Noah Levin, Esq.<br>noah.levine@wilmerhale.com | Alan E. Schoenfeld, Esq.<br>alan.schoenfeld@wilmerhale.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **27th day of April, 2015**, properly addressed as follows:

| | |
|---|---|
| None. | |

*/s/  Camille R. Nicodemus*
Camille R. Nicodemus, Esq.
Breanne J. Strubinger, Esq. (IN Bar #25823-64)
  (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  cnicodemus@schuckitlaw.com
            bstrubinger@schuckitlaw.com

*Counsel for Defendant, Trans Union, LLC*