**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETER JOHN VIAMONTE,<br><br>　　　　　　Plaintiff,<br><br>　- against -<br><br>CHASE BANK USA, N.A.,<br>CAPITAL ONE BANK (USA), N.A.,<br>MIDLAND FUNDING LLC,<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., and<br>TRANS UNION LLC,<br><br>　　　　　　Defendants. | **Civil Action No. 1:15-cv-02669-AJN**<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES BY DEFENDANT, MIDLAND FUNDING, LLC** |

　　　　AND NOW, comes Defendant, Midland Funding, LLC ("Midland"), by and through its undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., and hereby answers Plaintiff, Peter John Viamonte's ("Plaintiff") Complaint, averring as follows:

**ANSWER TO PRELIMINARY STATEMENT**

　　　　1. Admitted in part and denied in part. Midland admits that Plaintiff brings the present action alleging violations of 15 U.S.C. § 1681 *et seq.* ("FCRA"), New York General Business Law § 380 *et seq.* ("NY GBL"), and 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Midland denies these allegations to the extent they imply any violation of the law by Midland. To the extent that the allegations in this paragraph are directed to parties other than Midland, Midland denies these allegations. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

1

2. Denied.  Midland is without sufficient knowledge, information or belief regarding the allegations in this paragraph and therefore, Midland denies these alletations.  To the extent that the allegations in this paragraph are directed to parties other than Midland, Midland denies these allegations.

## ANSWER TO JURISDICTION AND VENUE

3. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

## ANSWER TO PARTIES

4. Admitted in part and denied in part. Midland admits, upon information and belief, that Plaintiff is a natural person. Midland lacks sufficient knowledge, information or belief as to whether Plaintiff is a "consumer" within the meaning of the FCRA and therefore denies the same. To the extent that the allegations in this paragraph constitute conclusions of law, they are denied as such. Midland refers all questions of law to the Court.

5. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

6. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

7. Admitted in part and denied in part. Midland admits that it is a Delaware corporation. Midland denies that it transacts business in the State of New York and further denies that it is a "debt collector" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6). The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

8. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

9. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

10. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

## ANSWER TO FACTUAL BACKGROUND

11. Denied. Midland lacks sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, Midland denies these allegations. To the extent that the allegations in this paragraph are directed to parties other than Midland, Midland denies these allegations.

12. Denied. Midland lacks sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, Midland denies

these allegations. To the extent that the allegations in this paragraph are directed to parties other than Midland, Midland denies these allegations.

13. Denied. Midland lacks sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, Midland denies these allegations. To the extent that the allegations in this paragraph are directed to parties other than Midland, Midland denies these allegations.

14. Admitted in part and denied in part. Midland admits that it purchased a valid and delinquent debt obligation owed by Peter J. Viamonte to Chase Bank USA, N.A. Midland lacks sufficient knowledge, information or belief regarding the remaining allegations in this paragraph and, therefore, Midland denies these allegations. To the extent that the allegations in this paragraph are directed to parties other than Midland, Midland denies these allegations.

15. Admitted in part and denied in part. Midland admits that, at times, Midland Credit Management, Inc. furnished trade line information to the credit bureaus regarding the debt obligation owed by Peter J. Viamonte to Midland, which was previously owed to Chase Bank USA, N.A. To the extent that the allegations in this paragraph are directed to parties other than Midland, Midland denies these allegations.

16. Denied. Midland lacks sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, Midland denies these allegations. To the extent that the allegations in this paragraph are directed to parties other than Midland, Midland denies these allegations.

17. Denied. Midland lacks sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, Midland denies these allegations. To the extent that the allegations in this paragraph are directed to parties other than Midland, Midland denies these allegations.

18. Denied. Midland lacks sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, Midland denies these allegations. To the extent that the allegations in this paragraph are directed to parties other than Midland, Midland denies these allegations.

19. Denied. The allegations in this paragraph are directed to a party other than Midland and, therefore, Midland denies these allegations.

20. Denied. Midland lacks sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, Midland denies these allegations. To the extent that the allegations in this paragraph are directed to parties other than Midland, Midland denies these allegations.

21. Denied. Midland lacks sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, Midland denies these allegations. To the extent that the allegations in this paragraph are directed to parties other than Midland, Midland denies these allegations.

22. Denied. Midland lacks sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, Midland denies these allegations. To the extent that the allegations in this paragraph are directed to parties other than Midland, Midland denies these allegations.

23. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

24. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

25. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

26. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

27. Denied. Midland lacks sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, Midland denies these allegations. To the extent that the allegations in this paragraph are directed to parties other than Midland, Midland denies these allegations.

28. Denied. Midland denies that it violated the FCRA or that Midland engaged in any unlawful negligent or willful conduct. Further, Midland denies that it furnished any inaccurate credit information concerning Plaintiff's Chase Account and denies that Midland was a proximate or direct cause of any perceived harm to Plaintiff, including purposed harm in the form of diminished credit worthiness, inability to open credit accounts, damage to Plaintiff's reputation, emotional distress, aggravation or frustration.

## ANSWER TO FIRST CAUSE OF ACTION
## ALLEGED VIOLATION OF THE FCRA AGAINST ALL DEFENDANTS

29. Denied. Midland denies that a response to this paragraph is necessary. To the extent that a response is required, Midland incorporates its responses to paragraphs 1 through 28 as though fully set forth herein.

30. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

31. Denied. Midland denies the allegations in this paragraph and leaves Plaintiff to his burden of proof. To the extent that these allegations relate to parties other than Midland, Midland denies these allegations.

32. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

33. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

34. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

35. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

36. Denied. Midland denies that it willfully or negligently violated 15 U.S.C. § 1681s-2(b) and demands strict proof of these allegations from Plaintiff. To the extent that the allegations in this paragraph are directed to a party other than Midland, the allegations are denied.

37. Denied. Midland denies that it violated 15 U.S.C. § 1681s-2(b)(1)(B) and demands strict proof of these allegations from Plaintiff. To the extent that the allegations in this paragraph are directed to a party other than Midland, the allegations are denied.

38. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

39. Denied. Midland denies that Plaintiff is entitled to a recover of damages absent a showing of violative conduct on the part of Midland. To the extent that the allegations in this paragraph are directed to a party other than Midland, the allegations are denied.

## ANSWER TO SECOND CAUSE OF ACTION
## ALLEGED VIOLATION OF THE NY FCRA AGAINST
## EXPERIAN, EQUIFAX AND TRANS UNION

40. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

41. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

42. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

43. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

44. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

45. Denied. The allegations in this paragraph are directed to a party other than Midland. To the extent these allegations are construed to relate to Midland, these allegations are denied and strict proof is demanded of Plaintiff.

## ANSWER TO THIRD CAUSE OF ACTION
## ALLEGED VIOLATION OF THE FDCPA AGAINST MIDLAND FUNDING

46. Denied. Midland denies that a response to this paragraph is necessary. To the extent that a response is required, Midland incorporates its responses to paragraphs 1 through 45 as though fully set forth herein.

47. Denied. The allegations of this paragraph are conclusions of law and are denied as such. Midland refers all questions of law to the Court.

48. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. Further responding, Midland denies that it is a "debt collector" within the meaning of 15 U.S.C. § 1692a(5).

49. Denied. The allegations of this paragraph are conclusions of law and are denied as such. Midland refers all questions of law to the Court.

50. Denied. Midland denies that it violated 15 U.S.C. §§ 1692f or 1692f(1), denies that it attempted to collect any debt from Plaintiff and further denies that it reported false information to any credit reporting agency concerning the Chase Account.[1] A factual basis for these conclusory allegations is demanded of Plaintiffs.

51. Denied. Midland denies that it violated 15 U.S.C. § 1692e(2)(a), denies that it attempted to collect any debt from Plaintiff and denies that it falsely reported to credit reporting agencies that Plaintiff owed a debt that he did not owe. A factual basis for these conclusory allegations is demanded of Plaintiffs.

52. Denied. Midland denies that it violated 15 U.S.C. § 1692e(8) and denies that it reported information that it knew or should have known was false to any credit reporting agency. A factual basis for this conclusory allegation is demanded of Plaintiffs.

---

[1] Plaintiff alleges a violation of 15 U.S.C. § 1692(f)(1), which does not exist. Midland responds as if Plaintiff had asserted a claim under 15 U.S.C. § 1692f(1).

53. Denied. Midland denies that it violated 15 U.S.C. § 1692e(10) and denies that it falsely reported to credit reporting agencies that Plaintiff owed a debt that he did not owe. A factual basis for this conclusory allegation is demanded of Plaintiffs.

54. Denied. Midland denies that it engaged in unlawful conduct and denies that it was a proximate or direct cause of any perceived harm to Plaintiff, economic, emotional or otherwise.

55. Denied. Midland denies that it violated the FDCPA and therefore denies that it is liable to Plaintiff for statutory, actual or other damages or reasonable attorney fees or costs pursuant to 15 U.S.C. § 1692k.

## ANSWER TO JURY TRIAL REQUEST

Admitted in part and denied in part. Midland admits that Plaintiff has demanded a jury trial for the claims asserted in his Complaint. Midland denies that Plaintiff is entitled to a jury trial in absence of a viable claim.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead claims against Midland upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are barred by applicable statute of limitations, Midland does not waive applicable statute of limitations upon any of the claims set forth in the Complaint and upon claims which could have been set forth in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Midland denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Midland.

## FOURTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Midland denies, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against Midland.

## SEVENTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Midland, or for whom Midland is not responsible or liable.

## EIGHTH AFFIRMATIVE DEFENSE

Claims under the FCRA may only be triggered by disputes between the debtor and the credit bureau with respect to the furnishing of credit information concerning the debtor. Liability may only be triggered under the FCRA against a furnisher of credit information where the furnisher fails to reasonably investigate a dispute from the credit reporting agency brought by the debtor to the credit reporting agency. *See* 15 U.S.C. § 1681s-2(b). Midland did not engage in the furnishing of any trade line information or reporting activity regarding Plaintiff's account. Therefore, Plaintiff's theory that Midland is a furnisher of credit information under the FCRA is mistaken. Midland is not a furnisher of credit information, and Midland had no obligation under the

FCRA to investigate a dispute from any credit reporting agency brought by the debtor to the credit reporting agency. Therefore, Plaintiff cannot advance a viable claim under the FCRA against Midland and fails to do so in his Complaint. Plaintiff's FCRA claim against Midland should be dismissed or withdrawn.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has not incurred any actual damages, impairment of his credit worthiness, inability to obtain or benefit from new credit, damage to his reputation, invasion of his privacy, interference with his normal and usual activities, mental or emotional pain and suffering, anguish, frustration, humiliation, anxiety, fear or embarrassment of credit denials as a direct or proximate result of any alleged conduct of Midland, therefore, Plaintiff's FCRA claim against Midland should be dismissed or withdrawn.

## TENTH AFFIRMATIVE DEFENSE

Even if Plaintiff is able to articulate a viable claim under the FCRA against Midland, which is denied, Plaintiff offers no facts evidencing any willful or reckless conduct by Midland for such purported violation of the FCRA. Absent such a showing, Plaintiff is not entitled to a statutory recovery or punitive damages under the FCRA. *See* 15 U.S.C. § 1681n.

## ELEVENTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to plead a viable claim for a willful violation of the FCRA against Midland, which is denied, punitive damages are unwarranted and statutory damages should be limited to the statutory

minimum of $100, because of the *de minimus* nature of the allegations against Midland. *See* 15 U.S.C. § 1681n(a)(1)(A).

**TWELFTH AFFIRMATIVE DEFENSE**

In the event Plaintiff is able to adequately plead a violation of the FDCPA, Plaintiff's entitlement to statutory damages is capped at $1,000 per action not per violation. *See Goodmann v. People's Bank, et al.*, 2006 U.S. App LEXIS 31555 (3rd Cir. Dec. 21, 2006); *Clark v. Capital Credit*, 460 F.3d 1162 (9th Cir. 2006); *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994); *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992); *Miller v. Midland Funding*, 2008 WL 4093004 (C.D. Cal. 2008); *Dowling v. Kucker Kraus & Bruh, LLP*, 2005 U.S. Dist. LEXIS 11000 (S.D.N.Y. 2005); *Mann v. Acclaim Fin. Servs.*, 348 F. Supp. 2d 923, 926 (S.D. Ohio 2004); *Brown v. Law Offices of Butterfield*, 2004 U.S. Dist. LEXIS 9822, *16 n.8, No: 03-CV-05850 (E.D. Pa., May 24, 2004); *Ganske v. Checkrite, Ltd.*, 1997 U.S. Dist. LEXIS 4345, 12-13 (D. Wis. 1997); *Wiener v. Bloomfield*, 901 F. Supp. 771, 778 (S.D.N.Y. 1995); *Teng v. Metropolitan Retail Recovery*, 851 F. Supp. 61, 69 (E.D.N.Y. 1994); *Donahue v. NFS, Inc.*, 781 F. Supp. 188, 191 (W.D.N.Y. 1991); *Beattie v. D.M. Collections, Inc.*, 764 F. Supp. 925, 928 (D. Del. 1991); *Harvey v. United Adjusters*, 509 F. Supp. 1218, 1222 (D. Or. 1981).

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, improper denial or loss of credit opportunities, improperly diminished credit score, emotional distress, out-of-

pocket harm or other injuries justifying a claim for actual damages as a result of the purported conduct of Midland.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to show any violation of the FDCPA and therefore is not entitled to attorneys' fees or costs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Midland did not violate 15 U.S.C. §1692e because it did not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

**SIXTEENTH AFFIRMATIVE DEFENSE**

A plaintiff in an FDCPA action has the burden of proving that the underlying debt is consumer in nature. *See Dixon v. Golden-Masano-Bradley*, 228 Fed. Appx. 142, 143 (3d Cir. Pa. 2007) (dismissing FDCPA and FCEUA claims where the debt was not incurred for personal, family or household purposes); Anderson *v. AFNI, Inc.*, 2011 U.S. Dist. LEXIS 51368 (E.D. Pa. 2011). Plaintiff pleads no facts demonstrating the debt at issue to be consumer in nature.

**WHEREFORE**, Defendant, Midland Funding, LLC respectfully requests that this Honorable Court enter judgment in its favor, dismissing Plaintiff's Complaint and granting any and all other relief as the Court may deem just and equitable.

Dated: May 26, 2015
New York, New York

                          MARSHALL DENNEHEY WARNER
                          COLEMAN & GOGGIN, P.C.

             By:        /s/
                          Matthew B. Johnson (MJ 1622)
                          Attorneys for Defendant
                          Midland Funding, LLC
                          88 Pine Street, 21st Floor
                          New York, New York 10005
                          212.376.6433


To:    Kevin C. Mallon
       FISHMAN & MALLON, LLP
       305 Broadway, Suite 900
       New York, NY 10007
       212.822.1474
       Attorneys for Plaintiff