UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PETER JOHN VIAMONTE,

               Plaintiff,

      -against-

CHASE BANK USA, N.A.;
CAPITAL ONE BANK (USA), N.A.;
MIDLAND FUNDING LLC;
EXPERIAN INFORMATION SOLUTIONS,
INC.; EQUIFAX INFORMATION SERVICES
LLC; and TRANS UNION LLC,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civ. Action No. 1:15-cv-02669-AJN

**DEFENDANT CHASE BANK USA, N.A.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Chase Bank USA, N.A. ("Chase"), by its Counsel, files its Answer and Statement of Affirmative Defenses to Plaintiff's Complaint as follows:

**PRELIMINARY STATEMENT**

1.     Chase admits that Plaintiff purports to bring claims pursuant to 15 U.S.C. § 1681 *et seq.* (the "Fair Credit Reporting Act" or "FCRA"), New York General Business Law § 380 *et seq.* (the "New York Credit Reporting Act" or "NY FCRA"), and 15 U.S.C. § 1692 *et seq.* (the "Fair Debt Collections Practices Act" or "FDCPA"). Chase denies any liability to the Plaintiff under the FCRA, the NY FCRA, or the FDCPA, and denies that Plaintiff is entitled to any damages, costs, fees, or other form of relief from Chase under these or any other laws.

2. Insofar as the allegations in Paragraph 2 of Plaintiff's complaint relate to Chase, Chase (a) denies that Plaintiff was the victim of identity theft; (b) admits that charges were made to accounts opened in Plaintiff's name, that charges were incurred and not paid, and that negative information concerning the unpaid accounts appeared on his credit reports; (c) admits that Plaintiff disputed the reporting of these accounts to a credit reporting agency; and (d) admits that Chase verified accounts held in Plaintiff's name to credit reporting agencies.  Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 2 of Plaintiff's complaint and, accordingly, denies the allegations.

3. The allegations in Paragraph 3 of Plaintiff's complaint state conclusions of law and do not require an answer.

4. Chase lacks sufficient information to either admit or deny the allegations in the first clause of Paragraph 4 of Plaintiff's complaint.  The allegations in the second clause of Paragraph 4 of Plaintiff's complaint state a conclusion of law and do not require an answer.

5. Chase admits that it is a national bank organized under the laws of the United States with its principal place of business in Wilmington, Delaware.

6. Chase lacks sufficient information to either admit or deny the allegations in Paragraph 6 of Plaintiff's complaint and, accordingly, denies the allegations.

7. Chase lacks sufficient information to either admit or deny the allegations in Paragraph 7 of Plaintiff's complaint and, accordingly, denies the allegations.

8. Chase lacks sufficient information to either admit or deny the allegations in Paragraph 8 of Plaintiff's complaint and, accordingly, denies the allegations.

9. Chase lacks sufficient information to either admit or deny the allegations in Paragraph 9 of Plaintiff's complaint and, accordingly, denies the allegations.

10. Chase lacks sufficient information to either admit or deny the allegations in Paragraph 10 of Plaintiff's complaint and, accordingly, denies the allegations.

## FACTUAL BACKGROUND

11. Insofar as the allegations relate to Chase, Chase denies the allegations in Paragraph 11 of Plaintiff's complaint.  Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 11 of Plaintiff's complaint and, accordingly, denies the allegations.

12. Insofar as the allegations relate to Chase, Chase denies the allegations in Paragraph 12 of Plaintiff's complaint.  Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 12 of Plaintiff's complaint and, accordingly, denies the allegations.

13. Chase lacks sufficient information to either admit or deny the allegations in Paragraph 13 of Plaintiff's complaint and, accordingly, denies the allegations.

14. Chase admits that two credit-card accounts were opened with Chase using Plaintiff's identifying information, but denies that these accounts were opened by identity thieves. Chase denies that Plaintiff never authorized or used the subject credit-card accounts opened with Chase.  Chase admits that required payments were not made on the Chase credit-card accounts. Chase admits that it charged off the two Chase accounts and assigned the debt for one of the accounts to Midland Funding, a debt collector.  Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 14 of Plaintiff's complaint and, accordingly, denies the allegations.

15. Chase lacks sufficient information to either admit or deny the allegations in Paragraph 15 of Plaintiff's complaint and, accordingly, denies the allegations.

16. Chase denies that the accounts opened with Chase using Plaintiff's identifying information "were fraudulently opened by the identity thieves." Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 16 of Plaintiff's complaint and, accordingly, denies the allegations.

17. Chase denies that the accounts opened with Chase using Plaintiff's identifying information were "fraudulent accounts" or were "inaccurate." Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 17 of Plaintiff's complaint and, accordingly, denies the allegations.

18. Chase admits that it verified to credit reporting agencies, including Trans Union, accounts opened with Chase using Plaintiff's identifying information. Chase denies that the accounts opened with Chase using Plaintiff's identifying information were "fraudulently opened" or were "opened by identity thieves." Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 18 of Plaintiff's complaint and, accordingly, denies the allegations.

19. Chase lacks sufficient information to either admit or deny the allegations in Paragraph 19 of Plaintiff's complaint and, accordingly, denies the allegations.

20. Chase denies that any account opened with Chase using Plaintiff's identifying information was "fraudulent." Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 20 of Plaintiff's complaint and, accordingly, denies the allegations.

21. Chase admits that it verified to credit reporting agencies, including Equifax, accounts opened with Plaintiff's identifying information. Chase denies that the accounts were "fraudulent" or that an "identity thief opened" them. Except to the extent set forth in this

paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 21 of Plaintiff's complaint and, accordingly, denies the allegations.

22. Chase lacks sufficient information to either admit or deny the allegations in Paragraph 22 of Plaintiff's complaint and, accordingly, denies the allegations.

23. Chase denies that accounts opened with Chase using Plaintiff's identifying information were "fraudulent." Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 23 of Plaintiff's complaint and, accordingly, denies the allegations.

24. Chase admits that it verified to credit reporting agencies, including Experian, accounts opened with Plaintiff's identifying information. Chase denies that the accounts were "fraudulent" or were "opened by an identity thief." Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 24 of Plaintiff's complaint and, accordingly, denies the allegations.

25. Chase lacks sufficient information to either admit or deny the allegations in Paragraph 25 of Plaintiff's complaint and, accordingly, denies the allegations.

26. Chase denies that accounts opened with Chase using Plaintiff's identifying information were "fraudulent." Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 26 of Plaintiff's complaint and, accordingly, denies the allegations.

27. Chase denies that accounts opened with Chase using Plaintiff's identifying information were "fraudulently opened," "fraudulent," or "opened by identity thieves." Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or

deny the allegations in Paragraph 27 of Plaintiff's complaint and, accordingly, denies the allegations.

28. Insofar as the allegations relate to Chase, Chase denies the allegations in Paragraph 28 of Plaintiff's complaint. Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 28 of Plaintiff's complaint and, accordingly, denies the allegations.

### AS AND FOR A FIRST CAUSE OF ACTION

29. Chase incorporates and restates its responses to Paragraphs 1 through 28 of Plaintiff's complaint as though fully set forth herein.

30. The allegations in Paragraph 30 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 30 of Plaintiff's complaint and, accordingly, denies the allegations.

31. Chase denies that accounts opened with Chase using Plaintiff's identifying information were fraudulent or otherwise false. Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 31 of Plaintiff's complaint and, accordingly, denies the allegations.

32. The allegations in Paragraph 32 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 32 of Plaintiff's complaint and, accordingly, denies the allegations.

33. The allegations in Paragraph 33 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase denies that accounts

opened with Chase using Plaintiff's identifying information were "fraudulently opened." Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 33 of Plaintiff's complaint and, accordingly, denies the allegations.

34.     The allegations in Paragraph 34 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 34 of Plaintiff's complaint and, accordingly, denies the allegations.

35.     The allegations in Paragraph 35 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 32 of Plaintiff's complaint and, accordingly, denies the allegations.

36.     The allegations in Paragraph 36 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, and insofar as the allegations relate to Chase, Chase denies the allegations in Paragraph 36 of Plaintiff's complaint. Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 36 of Plaintiff's complaint and, accordingly, denies the allegations.

37.     The allegations in Paragraph 37 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, and insofar as the allegations relate to Chase, Chase denies the allegations in Paragraph 37 of Plaintiff's complaint. Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 37 of Plaintiff's complaint and, accordingly, denies the allegations.

38. Chase lacks sufficient information to either admit or deny the allegations in Paragraph 38 of Plaintiff's complaint and, accordingly, denies the allegations.

39. The allegations in Paragraph 39 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, and insofar as the allegations relate to Chase, Chase denies the allegations in Paragraph 39 of Plaintiff's complaint. Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 39 of Plaintiff's complaint and, accordingly, denies the allegations.

## AS AND FOR A SECOND CAUSE OF ACTION

40. The allegations in Paragraph 40 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 40 of Plaintiff's complaint and, accordingly, denies the allegations.

41. The allegations in Paragraph 41 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 41 of Plaintiff's complaint and, accordingly, denies the allegations.

42. The allegations in Paragraph 42 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 42 of Plaintiff's complaint and, accordingly, denies the allegations.

43. The allegations in Paragraph 43 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient

information to either admit or deny the allegations in Paragraph 43 of Plaintiff's complaint and, accordingly, denies the allegations.

44. Chase lacks sufficient information to either admit or deny the allegations in Paragraph 44 of Plaintiff's complaint and, accordingly, denies the allegations.

45. The allegations in Paragraph 45 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 45 of Plaintiff's complaint and, accordingly, denies the allegations.

## AS AND FOR A THIRD CAUSE OF ACTION

46. Chase incorporates and restates its responses to Paragraphs 1 through 45 of Plaintiff's complaint as though fully set forth herein.

47. The allegations in Paragraph 47 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 47 of Plaintiff's complaint and, accordingly, denies the allegations.

48. The allegations in Paragraph 48 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 48 of Plaintiff's complaint and, accordingly, denies the allegations.

49. The allegations in Paragraph 49 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 49 of Plaintiff's complaint and, accordingly, denies the allegations.

50. The allegations in Paragraph 50 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 50 of Plaintiff's complaint and, accordingly, denies the allegations.

51. The allegations in Paragraph 51 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 51 of Plaintiff's complaint and, accordingly, denies the allegations.

52. The allegations in Paragraph 52 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 52 of Plaintiff's complaint and, accordingly, denies the allegations.

53. The allegations in Paragraph 53 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 53 of Plaintiff's complaint and, accordingly, denies the allegations.

54. The allegations in Paragraph 54 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, and insofar as the allegation relates to Chase, Chase denies the allegations in Paragraph 54 of Plaintiff's complaint. Except to the extent set forth in this paragraph, Chase lacks sufficient information to either admit or deny the allegations in Paragraph 54 of Plaintiff's complaint and, accordingly, denies the allegations.

55. The allegations in Paragraph 55 of Plaintiff's complaint state conclusions of law and do not require an answer. To the extent an answer is required, Chase lacks sufficient

information to either admit or deny the allegations in Paragraph 55 of Plaintiff's complaint and, accordingly, denies the allegations.

## CHASE BANK USA, N.A.'S STATEMENT OF AFFIRMATIVE DEFENSES

1. Any derogatory information regarding the Plaintiff appearing on Plaintiff's credit report relating to accounts with Chase is true or substantially true.

2. Upon receiving notice of the Plaintiff's dispute regarding the reporting of his credit information, Chase conducted a reasonable investigation with respect to the disputed information; reviewed all relevant information provided by the consumer; and reported the results of that investigation to consumer reporting agencies, as required by 15 U.S.C. § 1681s-2(b).

3. Chase reasonably determined that Plaintiff's 2014 claims of fraud and identity theft—as detailed in Plaintiff's complaint—were frivolous or irrelevant by reason of the failure of the Plaintiff to provide sufficient information for Chase to investigate the disputed information.

4. Chase reasonably determined that Plaintiff's 2014 claims of fraud and identity theft—as detailed in Plaintiff's complaint—were frivolous or irrelevant because they were substantially the same as a dispute previously submitted by the Plaintiff with respect to which Chase had already conducted a reasonable investigation and reviewed all relevant information. Chase's prior investigation determined that Plaintiff's claims of fraud were false.

5. Plaintiff lacks standing to sue.

6. Plaintiff's claims are barred by the applicable statute of limitations.

7. Plaintiff's claims are barred by application of the doctrine of laches.

8. Plaintiff's claims are barred by application of the doctrine of estoppel.

9. Plaintiff's claims are barred by application of the doctrine of waiver.

10. Chase maintained reasonable policies and procedures to ensure compliance with its obligations under the FCRA.

11. Plaintiff's damages are the result of his own conduct.

12. Plaintiff's damages are the result of the conduct of third parties over whom Chase exercises no control.

13. Chase reserves the right to offer additional affirmative defenses based upon facts or information obtained through discovery or otherwise.

WHEREFORE, Defendant Chase Bank USA, N.A., by counsel, denies that Plaintiff is entitled to judgment, or any form of damages, costs, fees, or other relief from Chase, and respectfully requests that this Court enter judgment in favor of Chase on all counts asserted against it.

FURTHER, Defendant Chase Bank USA, N.A., respectfully requests that it be awarded its costs and fees, including reasonable attorney fees, incurred in defending this action, along with such other relief as this Court deems just and appropriate.

Dated: New York, New York
       May 28, 2015

Respectfully submitted,

/s/ _Alan E. Schoenfeld_____
Alan E. Schoenfeld
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com

*Attorneys for Chase Bank USA, N.A.*