**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **PETER JOHN VIAMONTE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NO. 1:15-cv-02669-AJN** |
| | ) | |
| **CHASE BANK USA, N.A.,** | ) | |
| **CAPITAL ONE BANK (USA), N.A.,** | ) | |
| **MIDLAND FUNDING LLC** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | ) | |
| **EQUIFAX INFORMATION SERVICES LLC, and** | ) | |
| **TRANS UNION LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its

undersigned counsel, and in answer to the Complaint of Plaintiff Peter John Viamonte

("Plaintiff"), states as follows:

PRELIMINARY STATEMENT

1.     In response to Paragraph 1 of the Complaint, Experian admits that Plaintiff has

alleged damages against Experian under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§ 1681 et seq. and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. Gen. Bus. L.

§ 380 et seq.  Except as specifically admitted, Experian denies, generally and specifically, each

and every remaining allegation contained in Paragraph 1.

2.      In response to Paragraph 2 of the Complaint, Experian denies, generally and specifically, the allegations contained in the second sentence of Paragraph 2.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## JURISDICTION AND VENUE

3.      In response to Paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p (incorrectly cited by Plaintiff as § 1681(p)). Experian further admits that Plaintiff has alleged diversity jurisdiction over state law claims based on 28 U.S.C. § 1332 as well as supplemental jurisdiction over state law claims based on 28 U.S.C. § 1367(a).  Experian also admits that Plaintiff has alleged that venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b).  Experian states that these allegations are legal conclusion which are not subject to denial or admission.

## PARTIES

4.      In response to Paragraph 4 of the Complaint, Experian admits, upon information and belief, that Plaintiff is an individual person residing in Bronx, New York and is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

5.      In response to Paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.      In response to Paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7.      In response to Paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.      In response to Paragraph 8 of the Complaint, Experian admits that it is an Ohio corporation.  Experian further admits that it is qualified to do business and does conduct business in the State of New York.  Experian further admits that it is a "consumer reporting agency" as that term is defined within the FCRA and the New York FCRA.

9.      In response to Paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.     In response to Paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

FACTUAL BACKGROUND

11.     In response to Paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.     In response to Paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.     In response to Paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.     In response to Paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.     As to the allegations in Paragraph 15 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. As to Experian, Experian affirmatively states that the allegations of Paragraph 15 are vague as to specific consumer reports that were allegedly published, and on that basis, Experian denies, generally and specifically, each and every allegation contained therein.

16.     As to the allegations in Paragraph 16 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. Experian denies, generally and specifically, the last sentence of paragraph of Paragraph 16 of the Complaint.  Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's remaining allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 16 of the Complaint.

17.     In response to Paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.     In response to Paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.     In response to Paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.     In response to Paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.     In response to Paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.     In response to Paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.     In response to Paragraph 23 of the Complaint, Experian affirmatively states that, in October of 2014, it received correspondence from Plaintiff dated September 19, 2014, which correspondence speaks for itself.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 23 of the Complaint.

24.     As to the allegations in Paragraph 24 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. In response to the first sentence of Paragraph 24 of the Complaint, Experian affirmatively states

that on October 18, 2014, Experian received an Automated Consumer Dispute Verification

("ACDV") from Capital One, which document speaks for itself, and on October 20, 2014

Experian received two ACDVs from JPMorgan Chase, which documents speak for themselves.

In response to the second sentence of Paragraph 24 of the Complaint, Experian affirmatively

states that it responded to Plaintiff in Report No. 1590-2327-20, dated October 23, 2014, which

document speaks for itself.  Except as specifically admitted, Experian denies, generally and

specifically, each and every remaining allegation of Paragraph 24 of the Complaint.

       25.     In response to Paragraph 25 of the Complaint, Experian affirmatively states that it

was furnished with information regarding alternate spellings of names and addresses, including a

variation of Plaintiff's surname—"Viamontie"—that was furnished to Experian by Plaintiff in

his September 19, 2014 correspondence.  Experian is without knowledge or information

sufficient to form a belief regarding Plaintiff's remaining allegations and, on that basis, denies,

generally and specifically, each and every remaining allegation of Paragraph 25 of the

Complaint.

       26.     As to the allegations in Paragraph 26 of the Complaint that relate to the other

defendants, Experian does not have knowledge or information sufficient to form a belief as to the

truth of such allegations and, on that basis, denies, generally and specifically, such allegations.

Experian affirmatively states that in December 2014 it received a letter from Plaintiff dated

November 29, 2014, which letter speaks for itself.  Experian affirmatively states that it

responded to Plaintiff in Report No. 3338-4233-44, dated December 15, 2014, which document

speaks for itself.  Experian denies, generally and specifically, each and every remaining

allegation of Paragraph 26 of the Complaint.

27.     As to the allegations in Paragraph 27 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. As to Experian, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 27 of the Complaint.

28.     As to the allegations in Paragraph 28 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. Experian affirmatively states the allegations in Paragraph 28 of the Complaint assert a legal conclusion which is not subject to denial or admission.  Experian denies, generally and specifically, each and every remaining allegation of Paragraph 28 of the Complaint.

<u>AS FOR THE FIRST CAUSE OF ACTION</u>

29.     In response to Paragraph 29 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 29 of the Complaint.  To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraph 29 of the Complaint.

30.     As to the allegations in Paragraph 30 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. As to Experian, Experian affirmatively states that the allegations of Paragraph 30 are vague as to specific consumer reports that were allegedly published, and on that basis, Experian denies, generally and specifically, each and every allegation contained therein.

31.     As to the allegations in Paragraph 31 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. Experian denies, generally and specifically, each and every remaining allegation of Paragraph 31 of the Complaint.

32.     As to the allegations in Paragraph 32 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. Experian denies, generally and specifically, each and every remaining allegation in Paragraph 32 of the Complaint.

33.     As to the allegations in Paragraph 33 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. Experian denies, generally and specifically, each and every remaining allegation in Paragraph 33 of the Complaint.

34.     As to the allegations in Paragraph 34 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. Experian denies, generally and specifically, each and every remaining allegation in Paragraph 34 of the Complaint.

35.     As to the allegations in Paragraph 35 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations.

Experian denies, generally and specifically, each and every remaining allegation in Paragraph 35 of the Complaint.

36.     As to the allegations in Paragraph 36 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. Experian denies, generally and specifically, each and every remaining allegation in Paragraph 36 of the Complaint.

37.     As to the allegations in Paragraph 37 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. Experian denies, generally and specifically, each and every remaining allegation of Paragraph 37 of the Complaint.

38.     As to the allegations in Paragraph 38 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. Experian affirmatively states that the allegations in Paragraph 38 of the Complaint are vague as to specific consumer reports that were allegedly published, and on that basis, Experian denies, generally and specifically, each and every allegation contained therein related to Experian's consumer reports.  Experian denies, generally and specifically, each and every remaining allegation of Paragraph 38 of the Complaint.

39.     As to the allegations in Paragraph 39 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations.

Experian denies, generally and specifically, each and every remaining allegation of Paragraph 39 of the Complaint.

## AS FOR THE SECOND CAUSE OF ACTION

40.     As to the allegations in Paragraph 40 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. As to Experian, Experian affirmatively states that the allegations of Paragraph 40 are vague as to specific consumer reports that were allegedly published, and on that basis, Experian denies, generally and specifically, each and every allegation contained therein.

41.     As to the allegations in Paragraph 41 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. Experian denies, generally and specifically, each and every remaining allegation of Paragraph 41 of the Complaint.

42.     As to the allegations in Paragraph 42 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. Experian denies, generally and specifically, each and every remaining allegation in Paragraph 42 of the Complaint.

43.     As to the allegations in Paragraph 43 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations.

Experian denies, generally and specifically, each and every remaining allegation in Paragraph 43 of the Complaint.

44.     As to the allegations in Paragraph 44 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations. As to Experian, Experian affirmatively states that the allegations of Paragraph 44 are vague as to specific consumer reports that were allegedly published, and on that basis, Experian denies, generally and specifically, each and every allegation contained therein.

45.     As to the allegations in Paragraph 45 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegation. Experian denies, generally and specifically, each and every remaining allegation in Paragraph 45 of the Complaint.

## AS FOR THE THIRD CAUSE OF ACTION

46.     In response to Paragraph 46 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 46 of the Complaint.  To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraph 46 of the Complaint.

47.     In response to Paragraph 47 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

48.     In response to Paragraph 48 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies,

generally and specifically, each and every remaining allegation in Paragraph 48 of the
Complaint.

49.     In response to Paragraph 49 of the Complaint, Experian is without knowledge or
information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies,
generally and specifically, each and every remaining allegation in Paragraph 49 of the
Complaint.

50.     In response to Paragraph 50 of the Complaint, Experian is without knowledge or
information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies,
generally and specifically, each and every remaining allegation in Paragraph 50 of the
Complaint.

51.     In response to Paragraph 51 of the Complaint, Experian is without knowledge or
information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies,
generally and specifically, each and every remaining allegation in Paragraph 51 of the
Complaint.

52.     In response to Paragraph 52 of the Complaint, Experian is without knowledge or
information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies,
generally and specifically, each and every remaining allegation in Paragraph 52 of the
Complaint.

53.     In response to Paragraph 53 of the Complaint, Experian is without knowledge or
information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies,
generally and specifically, each and every remaining allegation in Paragraph 53 of the
Complaint.

54.     In response to Paragraph 54 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 54 of the Complaint.

55.     In response to Paragraph 55 of the Complaint, Experian is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in Paragraph 55 of the Complaint.

In response to unnumbered paragraph on page 10 of the Complaint, Experian admits Plaintiff demands a jury trial.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD AFFIRMATIVE DEFENSE

### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE

### (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

### (LACHES)

The Complaint and each claim for relief therein are barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from

Plaintiffs own negligence which equaled or exceeded any alleged negligence or wrongdoing by

Experian.

## EIGHTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were

the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and

barred from recovery of any damages.

## NINTH AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the

Complaint herein are barred by the applicable statutes of limitation, including but not limited to

15 U.S.C. § 1681p.

## TENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by

the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to

such extent as warranted by discovery and the factual developments in this case.

Dated:  April 28, 2015                                    Respectfully submitted,


     */s/ Vanessa Adriana Nadal*
JONES DAY
Vanessa Adriana Nadal (VN-4927)
222 East 41st Street
New York, New York 10017
Telephone:  (212) 326-7835
Facsimile:  (212) 755-7306
E-mail:  *vanadal@jonesday.com*

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

- 16 -

**CERTIFICATE OF SERVICE**

I, Vanessa Adriana Nadal, certify that on April 28, 2015, I caused the foregoing Answer and Affirmative Defenses of Experian Information Solutions, Inc. to be filed with the Clerk of the Court and served upon all counsel of record via the CM/ECF system.

*/s/ Vanessa Adriana Nadal*
Vanessa Adriana Nadal